BENJAMIN B. WAGNER
United States Attorney
AMANDA BECK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED

MAY 14 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS MARSH,<br><br>Defendant. | CASE NO. 2:15-CR-0101 TLN<br><br>21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm; 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

# INDICTMENT

COUNT ONE: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine]

The Grand Jury charges: T H A T

LOUIS MARSH,

defendant herein, on or about March 10, 2015, in the County of Solano, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges: T H A T

LOUIS MARSH,

defendant herein, committed this offense after being convicted of a felony drug offense, specifically, Possession of a Controlled Substance in violation of California Health and Safety Code Section

INDICTMENT                                                1

1 | 11377(a), on or about May 30, 2002, in Contra Costa County, California.

2 | COUNT TWO: [18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm]

3 | The Grand Jury further charges: T H A T

4 | LOUIS MARSH,

5 | defendant herein, on or about March 10, 2015, in the County of Solano, State and Eastern District of
6 | California, having been convicted of a crime punishable by a term of imprisonment exceeding one year,
7 | that is, Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(A)(1), on
8 | or about December 15, 2011, in Contra Costa County, California, did knowingly possess a firearm,
9 | specifically, a Kimber .45-caliber semiautomatic handgun, serial number KR17031, in and affecting
10 | commerce, in that said firearm had previously been transported in interstate and foreign commerce, in
11 | violation of Title 18, United States Code, Section 922(g)(1).

12 |
13 | FORFEITURE ALLEGATION: [21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

14 | 1.     Upon conviction of the offense alleged in Count One of this Indictment, defendant
15 | LOUIS MARSH shall forfeit to the United States pursuant to Title 21, United States Code, Section
16 | 853(a), the following property:

17 | a.     All right, title, and interest in any and all property involved in violation of Title
18 | 21, United States Code, Section 841(a)(1), for which defendant is convicted, offense, or conspiracy to
19 | commit such offense, and all property traceable to such property, including the following: all real or
20 | personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a
21 | result of such offense; and all property used, or intended to be used, in any manner or part to commit or
22 | to facilitate the commission of the offense.

23 | b.     A sum of money equal to the total amount of proceeds obtained as a result of the
24 | offense, or conspiracy to commit such offense, for which defendant is convicted.

25 | 2.     Upon conviction of the offense alleged in Count Two of this Indictment, defendant
26 | LOUIS MARSH shall forfeit to the United States pursuant to Title 18, United States Code, Section
27 | 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in
28 | or used in the knowing commission of the offense.

INDICTMENT                                            2

3.   If any property subject to forfeiture, as a result of the offense alleged in Counts One and/or Two of this Indictment, for which defendant is convicted:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

BENJAMIN B. WAGNER
United States Attorney

INDICTMENT                                                                 3

No. _ _ _ _ _ _ _ _ _ _ _

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA
vs.

### LOUIS MARSH

## I N D I C T M E N T

**VIOLATION(S):**  21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm; 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

/s/ Signature on file w/AUSA

_____
*Foreman.*

*Filed in open court this* _____ 14 _____ *day*

*of* ___ may _____ *, A.D. 20* 15 ___     **NO PROCESS NECESSARY**

_____
*Clerk*

*Bail,* $ _ _ _ _ _ _ _ _ _ _ _ _ _

GPO 863 525

# United States v. Louis Marsh
## Penalties for Indictment

### COUNT 1:

VIOLATION: 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine

PENALTIES: Mandatory minimum of 5 years in prison and a maximum of 40 years; or
Fine of up to $5,000,000; or
Both a fine and imprisonment; and
A supervised release term of at least 4 years up and a maximum of life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNT 2:

VIOLATION: 18 U.S.C. § 922(g) - Felon in possession of firearm

PENALTIES: Not more than 10 years in prison; or
Not more than $250,000 fine; or
Both a fine and imprisonment; and
A three-year term of supervised release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### FORFEITURE ALLEGATION:

VIOLATION: 21 U.S.C. § 853(a) - Criminal Forfeiture

18 U.S.C. § 934(d)(1), 28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTIES: As stated in the charging document